THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL JOLLIFFE,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAKES,<br><br>    Respondent. | Case No. C10-700-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. No. 4), the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida ("R&R") (Dkt. No. 18), Petitioner's objections to the R&R (Dkt. No. 21), and Petitioner's motion for a certificate of appealability (Dkt. No. 22). Having thoroughly considered the parties' briefing and the relevant record, the Court adopts the R&R and denies Petitioner's habeas corpus petition with prejudice and denies Petitioner's motion for a certificate of appealability.

I.  BACKGROUND

In 1993, Petitioner was charged with two counts of second-degree murder. (Dkt. No. 16, Ex. 5, App. I). The jury was instructed that the element of intent could be satisfied by one of two alternative means: actual intent or felony murder predicated on second-degree assault.

1  (*Id.*, Ex. 5, App. II). The jury found Petitioner guilty of second-degree murder on both counts,
2  but the general verdict forms did not specify which of the alternative means formed the basis of
3  those verdicts. (*Id.*, Ex. 5, App. III).

4  In 2002, the Washington Supreme Court held in an unrelated case that second-degree
5  assault could not serve as a predicate felony for purposes of felony murder. *See In re the Pers.*
6  *Restraint Petition of Andress*, 56 P.3d 981 (Wash. 2002). Due to the possibility that the jury
7  had convicted Petitioner on an invalid basis, the Washington Court of Appeals granted
8  Petitioner a new trial. (Dkt. No. 16, Ex. 6). On remand, the prosecution again charged
9  Petitioner with two counts of second-degree murder, though this time solely on the theory of
10 actual intent. (*See id.*, Ex. 2). A second jury found Petitioner guilty on both counts, and he now
11 seeks habeas relief in this Court. (*See id.*).

12 Petitioner objects to the conclusion in the R&R that his subsequent convictions were
13 not barred by the Double Jeopardy Clause of the Fifth Amendment. The Court must make a de
14 novo determination of those portions of a magistrate judge's report or specified proposed
15 findings or recommendations to which a party objects. 28 U.S.C. § 636(b)(1).

16 II.   DISCUSSION

17   A.   **Implied Acquittal**

18 Petitioner challenges the magistrate judge's conclusion that the jury in the original trial
19 did not implicitly acquit him of second-degree intentional murder. The "implied-acquittal
20 doctrine" provides that "where a jury, although convicting as to some, are silent as to other,
21 counts in an indictment, and are discharged without the consent of the accused, . . . the effect
22 of such discharge is equivalent to acquittal." *Selvester v. United States*, 170 U.S. 262, 269
23 (1898) (quotation marks omitted). Petitioner argues that the original jury convicted him on the
24 basis of felony murder and was "silent" on the issue of intentional murder, thereby implicitly
25 acquitting him of that "charge."

26 Petitioner's argument fails for two reasons. First, he confuses alternative means with

ORDER, C10-700-JCC
PAGE - 2

alternative charges. Petitioner attempts to style "felony murder" and "intentional murder" as two separate crimes and suggests that he was convicted of one and acquitted of the other. Petitioner is incorrect; the jury convicted him of second-degree murder. The crime of second-degree murder requires proof of criminal intent, and the alternative means alleged here—actual intent and felony murder—are simply two different ways of proving this essential element. Either theory would have produced the same result: a conviction for second-degree murder. Therefore, because the jury could only return a single verdict, there was no "silence" of any kind. The implied-acquittal doctrine does not apply.

      Second, Petitioner is unable to establish which alternative the jury relied upon in rendering its verdicts. Contrary to Petitioner's claim, the prosecution did not concede on appeal that his convictions were based on felony murder; the prosecution merely conceded that there was a *possibility* that the jury had convicted him by invalid means, and the Washington Court of Appeals vacated his convictions under this presumption. (*See* Dkt. No. 16, Ex. 6). The proceedings shed no light on what the jury *actually* determined. Unlike a situation involving separate charges or lesser-included offenses, the Court here cannot draw any inferences from the general verdict regarding the theory on which the jury chose to convict.

      Even if the Court were to accept Petitioner's implied-acquittal argument, his petition must be denied. Habeas relief may only be granted if the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because Petitioner fails to cite any Supreme Court precedent directly on point, the Court cannot conclude that Washington's application of the double-jeopardy standard was contrary to or an unreasonable application of clearly established federal law.[1]

---

[1] Although Petitioner claims that *Brazzel v. Washington*, 491 F.3d 976 (9th Cir. 2007), supports his argument, reliance on circuit-court precedent is only appropriate for determining whether a given rule was "clearly established" and whether a state court's application of that

### B. Certificate of Appealability

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Where a district court has rejected the constitutional claim on the merits, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petition here raises only a single issue of law; no facts are disputed. The Court finds Petitioner's legal argument to be without merit and is satisfied that no reasonable jurist would debate this assessment.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's petition for a writ of habeas corpus (Dkt. No. 4) and DISMISSES this action with prejudice. The Court DENIES Petitioner's motion for a certificate of appealability (Dkt. No. 22).

DATED this 3rd day of February 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

rule was "unreasonable." *See Duhaime v. Ducharme*, 200 F.3d 597, 600–01 (9th Cir. 2000). The petitioner in *Brazzel* was charged with two separate crimes and the jury received two separate verdict forms, one of which it left blank. There is no dispute that the implied-acquittal doctrine was "clearly established," and because *Brazzel* was decided on materially different facts, it provides no guidance on the reasonableness of doctrine's application here.